Lenworth Parke
Reg No  04432-052
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

RECEIVED

JUN 03 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Lenworth Parke,
    Plaintiff,

V.

United States of America,
    Defendant,

:
:   Civil Action No. 22-3559
:
:
:        AMENDED
:   VERIFIED COMPLAINT
:     BY PRISONER
:

## I. JURISDICTION

Jurisdiction of this Court, over the United States of America is invoked pursuant to 28 U.S.C. §1346; Federal Tort Claims Act.

## II. PARTIES

1. Plaintiff, Lenworth Parke, at all relevant times was incarcerated at Federal Correctional Institution - Fairton, New Jersey.

2. Defendant, United States of America, at all relevant times employed staff at Federal Correctional Institution - Fairton, New Jersey.

## III. PREVIOUS LAWSUITS

3. Plaintiff has no previously filed suits.

## IV. ADMINISTRATIVE REMEDIES

4. Plaintiff has fully exhausted his Administrative Remedies through Administrative claim No. TRT-NER-2021-06842. The Tort Claim was denied on February 22, 2022.

## V. Relevent Facts

5. Plaintiff was incarcerated under conditions posing a substantial risk of serious harm.

6. On July 24, 2020, Plaintiff was called to the Lieutenant's office a FCI Fairton.

7. LT Barber, Robinson, and Weller (hereinafter Lieutenents) told Plaintiff that another inmate dropped a note stating that Plaintiff was in a fight.

8. Inmate(s) at FCI Fairton routinely send notes to the Lieutenent's office as a means to have other inmates placed in the SHU to get them out of the housing unit or particular cells within the housing unit.

9. Inmate(s) use notes as an alternative to other violent means of ridding themselves of other inmates they may take issue with.

10. The Lieutenents are aware of the tacticts used by inmates to have other inmates removed from housing units and that if inmates are not removed other violent means may be used on that inmate.

11. The Lieutenants also asked Plaintiff if he had a cell phone and where it was kept.

12. Either being in a fight or in possession of a cell phone would result in Plaintiff being place in the SHU, at a minimum under investigation for the allegations.

13. In fact in August of 2019, the same occurred. Someone dropped a note on Plaintiff and the Lieutenants placed Plaintiff in the SHU.

14. However, On July 24, 2020, the Lieutenants failed to recognize that the note was meant to have Plaintiff removed from the Housing Unit.

15. Plaintiff was not placed in the SHU but instead the Lieutenants send him back to (A-L) housing unit without further investigation.

16. When Plaintiff walked through the door to A-L and headed toward his cell on the upper tier, another inmate attacked him from behind.

17. The inmate hit Plaintiff in the face with some type of weapon resulting in him being knocked unconscience.

18. Officers responded to the incident and Plaintiff was taken to the outside hospital.

19. Plaintiff underwent surgery wherein doctors put a plate with 18 screws in his left cheek.

20. Had the Lieutenants not been deliberately indifferent to inmates attempt to rid themselves of Plaintiff, Plaintiff would not have been assaulted on July 24th, and would not have had to under go surgery as a result of that assault.

## CAUSE OF ACTION

A. Negligence of the United States in violation of New Jersey law.

i. 18 U.S.C. §4042 establishes that the United States has a duty to provide safekeeping for anyone convicted of crimes against it.

ii. The United States breached its duty when it failed to; (1) recognize the note was meant to remove Plaintiff from A-L Housing Unit; or (2) investigate why inmates accused Plaintiff of fighting and possession of a cell phone; and (3) sent Plaintiff back to A-L.

iii Sending Plaintiff back to A-L Housing Unit without investigation resulted in the assault.

iv. As a result Plaintiff underwent surgery and recieved 18 screws and a plate in his left cheek,

## VI. RELIEF REQUESTED

Wherefore, Plaintiff requests that this Court grant the following Relief;

21. Declare that Defendant, United States, by and through its employees, violated New Jersey law against Negligence.

22. Award compensatory damages against Defendant, United States, for violating New Jersey law against Negligence through the action of its Employees.

23. Award costs associated with the filing and prosecution of this suit.

24. Award any other relief this court deems just and proper.

## VII.    VERIFICATION

25. I, Lenworth Parke, Plaintiff, verify the facts stated in this complaint are true and correct to my knowledge, and that the facts stated on information and belief are true and correct to the best of my knowledge and belief.

Lenworth Parke
May 30, 2024


Respectfully submitted,

Lenworth Parke
May 30, 2024

## CERTIFICATE OF SERVICE

I, Lenworth Parke, certify that I have served a true and correct copy to the U.S. District Court for the District of New Jersey by placing said in the prison legal mail system and on the U.S. Attorney by CM/ECF

Lenworth Parke
Lenworth Parke
May 30, 2024

Lenworth Parke II Out 34-056
Federal Correctional Institution
P.O. Box 420
Fairton, New Jersey
08320

OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**

9589 0710 5270 0856 2629 32

RECEIVED

JUN 03 2024

AT 8:30_____
CLERK, U.S. DISTRICT COURT

*Retail*

UNITED STATES
POSTAL SERVICE

08101

**RDC 99**

U.S. POSTAGE PAID
FCM LETTER
FAIRTON, NJ 08320
MAY 31, 2024

**$0.00**

S2324A500230-03

MAY 2024 PM 4 L

Clerk of Court
U.S. District Court
P.O. Box 2797
Camden, New Jersey
08101-2797